HEIRS OF J. J. SIMPSON V. E. L. TRIMBLE.

1. JUDGMENT FOR COSTS.—A judgment for costs against the successful plaintiff, made at a term subsequent to the final judgment in his favor, on a motion by the officers of the court, and served on the attorneys in the principal suit, is a nullity, and an execution and sale under such judgment are also nullities.

2. EXECUTION FOR COSTS AGAINST THE SUCCESSFUL PLAINTIFF.— If an execution be authorized under Paschal's Dig., art. 3831, against the successful party for costs by him incurred, such execution, under the statute, must be issued to the county of his residence; and an execution issued to any other county for such costs, in absence of a judgment against him, would be a nullity, and purchasers under such execution would take nothing.

APPEAL from Van Zandt. Tried below before the Hon. M. H. Bonner.

The facts are sufficiently given in the opinion.

*Robertson & Herndon,* for appellants, cited Washington *v.* Irving, Yerger & Martin, (Tenn.,) 46; Paschal's Dig., art. 1486; Rorer on Jud. Sales, p. 209; Hollingsworth *v.* Bagley, 35 Tex., 347.

*Reagan, Goodrich & Gooch,* for appellee, cited Paschal's Dig., arts. 1482, 3772, 3821; Gage *v.* Page, 10 Tex., 366; Langham *v.* Thomason, 5 Tex., 130; Cleveland *v.* Henderson, 4 Tex., 183; 1 Story's Eq. Jur., 246; Allen *v.* Stephanes, 18 Tex., 658; Burch *v.* Smith, 15 Tex., 224; Baker *v.* Clepper, 26 Tex., 634; Moore *v.* Lowery, 27 Tex., 542; Sadler *v.* Anderson, 17 Tex., 253; Ayers *v.* Duprey, 27 Tex., 593; Sydnor *v.* Roberts, 13 Tex., 598; Riddle *v.* Bush, 27 Tex., 675; 1 Marshall, 217; 7 Ired., 151; 3 Hill, S. C., 289; 4 Wend., 464, 485; 1 Ala., 540; Howard *v.* North, 5 Tex., 290; Coffee *v.* Silvan, 15 Tex., 357; Mills *v.* Alexander, 21 Tex., 165; Alexander *v.* McKinney, 22 Tex., 653; 1 Haywood, N. C., 27; Earle *v.* Thomas, 14 Tex., 591.

IRELAND, ASSOCIATE JUSTICE.—In 1851 John J. Simpson brought suits against Parham and Koen to recover the land now involved in this suit. Simpson was successful in those suits, and he also had judgment for his costs. There was an attempt by the officers of the court to collect the costs from Parham and Koen, and failing in that, the clerk made a motion for judgment against Simpson for costs.

Simpson did not give bond and security for costs.

Notice of the motion made by the clerk was served on the attorney who had been counsel for Simpson in the suits against Parham and Koen, and the court thereupon ordered execution generally against Simpson.

This order is recited in and made the basis for the issuance of the executions under and by virtue of which Simpson's land was sold.

It very clearly appears that Simpson resided in Nacogdoches county. The executions against him issued in Van Zandt county, where the land in controversy is situated. On the first execution, or when the sheriff of Van Zandt county was first called upon to make the sale, he refused to do it unless indemnified. He did afterwards sell the land, about 3,600 acres, for $16.60, and one Taylor became the purchaser. Taylor afterwards sold one-half the land by quitclaim deed for one hundred dollars. It is admitted that the plaintiffs are the heirs of John O. Simpson, and that the land is the same patented to Simpson, under whom both parties claim, and the only question in the case of sufficient importance to require notice is the effect of the sale of the land by the sheriff of Van Zandt county under the executions against Simpson.

Was there any authority for the issuance of the executions to Van Zandt county against John J. Simpson for the costs incurred in the suits against Parham and Koen? The court below charged the jury, and correctly so, that the order recited in the executions, and which were entered up against Simpson, were nullities, and would not support the executions.

Simpson, as to that order, had not had his day in court. His attorney in the suits against Parham and Koen was not his attorney in this adverse motion against him. The attorney's office or duties had ceased, and the notice to him was not notice to Simpson.

The court, however, told the jury that notwithstanding the nullity of the order the court had authority under the law to issue the execution against Simpson. In support of this instruction we are referred to the law governing fees and the making each party responsible to the officers for the costs incurred.

Paschal's Dig., art. 3831, does authorize execution to issue, when fees are not paid, against the party from whom they are due.

It is contended by appellants that this statute only authorizes the execution to issue against the party adjudged to pay the costs; that he is the party from whom they are due within the meaning of the law. This view of the law is not without force, and is strongly supported by the Supreme Court of Tennessee in the case of Washington v. Irving, Mart. & Yerg., 46, Cooper's ed.

Whether this view of the law is correct, and whether the executions could be supported under the law where they recite for their basis a void order, are questions that we do not feel called upon now to decide.

If the statute recited will in any case authorize an execution against the successful party for costs it must be when the directions of the law are complied with.

It is in derogation of the fundamental rule that there must be a judgment to support an execution.

It is made to subserve a particular purpose and a special class of persons, and is not entitled to any latitude in construing it.

The law-making branch of the government had a policy to subserve in passing the law. It was not the design of the Legislature that the officers of court should issue execu-

tion to a distant county from the domicile of the party and have his property taken and sacrificed without his knowledge.

The party recovering judgment for costs has a right to expect, as a general rule, that the costs will be collected from the party against whom the judgment is rendered, and hence the law requires the execution to issue to the county of the residence of the party. We then hold that there was no authority for the issuance of the executions under which the property was sold, to Van Zandt county, Simpson residing at the time in Nacogdoches county.

That this is not a mere irregularity, but is such a total defect in the proceeding as renders the sale void, and those purchasing and all persons claiming such sale are chargeable with this want of authority in the court to issue the executions.

When we look to the insignificant sum for which the land sold, the indorsement by the sheriff that he would not sell without indemnity, and the sale by Taylor of one-half the property by quit-claim deed for one hundred dollars, the mind will not revolt at the suggestion that Taylor had notice of all the facts connected with the sale, and that he did not believe that he was getting title.

There are other questions raised in the record, all, however, of minor importance and subordinate to the main question adverted to, and it is not necessary to notice them.

For the error of the court in the instructions to the jury the judgment is reversed and the cause remanded for a new trial, in conformity to the views expressed in this opinion.

REVERSED AND REMANDED.

[Justice MOORE did not sit in this case.]